IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | CASE NO.: 1:06-CR-38 (WLS) |
| | : | |
| TYRONE L. DANIELS, | : | |
| | : | |
| Defendant. | : | |

## ORDER

Presently pending before the Court are Defendant Tyrone Daniels's Motion for Reduction in Sentence (Doc. 38) and Motion to Appoint Counsel (Doc. 39). Defendant moves this Court to reduce his sentence pursuant to Amendment 750, effective November 1, 2011, and made retroactive, which lowers the base offense levels for particular crack cocaine offenses in U.S.S.G. § 2D1.1(c). *See* U.S.S.G. App. C, Amend. 750. As the Government notes, however, Defendant's sentence was based on the career-offender guideline under U.S.S.G. § 4B1.1, not the applicable crack guideline. (Doc. 42 at 4-5). Amendment 750 did not make any changes to § 4B1.1, the career-offender guideline. *See U.S. v. Lawson*, 686 F.3d 1317, 1319 (11th Cir. 2012) (citing U.S.S.G. App. C, Amend. 750).

Defendant entered a guilty plea on December 18, 2006, to distribution of more than five grams of cocaine base, or "crack" cocaine, within 1000 feet of a housing facility owned by a public housing authority and within 1000 feet of a public elementary school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 860. The parties stipulated to an amount of cocaine base attributable to Daniels of more than five grams but less

1

than twenty grams. The probation officer noted in the Presentence Investigation Report that "this defendant is classified as a career offender." Accordingly, Defendant's base offense level for violation of 21 U.S.C. § 860, distribution of cocaine base within 1000 feet of a housing facility and school, yielded a base offense level of 28 that was first increased to 34 because Defendant was a career offender and then reduced by two points for acceptance of responsibility and one point for timely notification of intention to enter a plea of guilty. Following these adjustments, Probation determined that Defendant's total offense level was 31.

Probation then calculated Defendant's criminal history score as 17, but added two points because Defendant was on probation when he committed the offense and added another point because the offense was committed less than two years following Defendant's release from custody. Therefore, Defendant was assessed a total of 20 criminal history points. While Defendant's criminal history score of 20, alone, established a criminal history category of VI, Defendant's classification as a career offender also gave him a criminal history category of VI. The guideline imprisonment range for a base offense level of 31 and a criminal history category of VI was 188 to 235 months. Defendant was subject to a mandatory minimum term of imprisonment of one year and a maximum sentence of forty years, pursuant to 21 U.S.C. § 841(b)(1)(C) and § 860. On April 12, 2007, Defendant received a sentence of 230 months. (Doc. 27.)

On May 18, 2009, Defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2), requesting that the Court reduce his sentence based on Amendment 706, the amendment that provided a two-level reduction in base offense levels for crack cocaine offenses. (Doc. 32.) The Court denied this motion on June 25, 2009, concluding

2

that Defendant's status as a career offender rendered him ineligible for a sentence reduction based on the holding in *United States v. Moore*, 541 F.3d 1323 (11th Cir. 2008) (concluding that when a defendant's sentence is based on the guideline ranges applicable to career offenders under § 4B1.1, a defendant's base offense level under § 2D1.1 plays no role in the calculation of these ranges). (Doc. 33.) On October 21, 2013, Defendant filed the instant motion for reduction in sentence, seeking a reduction in sentence pursuant to Amendment 750.

The Eleventh Circuit has specifically held that "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." *Moore*, 541 F.3d at 1330. When given the opportunity to address the interplay between Amendment 750 and sentences calculated under the § 4B1.1 career-offender guideline, subsequent to *Moore*, the Eleventh Circuit concluded that where a sentencing range is based upon § 4B1.1, Amendment 750, which serves to reduce base offense levels in § 2D1.1, but not in § 4B1.1, does not alter the sentencing range upon which the sentence is based, and thus, § 3582(c)(2) does not authorize a reduction in sentence. *United States v. Lawson*, 686 F.3d 1317, 1321 (11th Cir. 2012). Accordingly, Defendant's sentence was not affected by Amendment 750 since he was sentenced as a career offender; thus, the original sentence imposed remains accurate. (Doc. 29).

The Court further agrees with the Government's position that the new mandatory minimums imposed by the FSA are unavailing to Defendant. First, a § 3582 motion is not the appropriate vehicle for Defendant's arguments regarding the

3

applicability of the FSA because "the FSA is not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress, and thus it does not serve as a basis for a § 3582(c)(2) sentence reduction." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). Even if the applicability of the FSA statutory changes could be properly decided in the context of this motion, Defendant's argument that the new mandatory minimums support a sentence reduction would still fail. Defendant was sentenced on April 12, 2007. The effective date of the FSA is August 3, 2010. In *Dorsey*, the Supreme Court held that the FSA's "new, lower mandatory minimums . . . apply to the post-Act sentencing of pre-Act offenders. That is the Act's "plain import" or "fair implication." 132 S. Ct. at 2335. The Eleventh Circuit later concluded that "*Dorsey* did not suggest that the FSA's new mandatory minimums should apply to defendants . . . who were sentenced long before the FSA's effective date." *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012). Therefore, because Defendant was sentenced over three years before the FSA went into effect, the Act's new mandatory minimums sentences provide no basis for a reduction in Defendant's sentence.

Accordingly, Defendant's Motion for Reduction in Sentence (Doc. 38) is **DENIED** and his Motion to Appoint Counsel (Doc. 39) is therefore **DENIED AS MOOT.**

**SO ORDERED**, this  27th  day of February 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

4